McDuff Coal & Lumber Co. *vs.* Vincenzo Del Monaco et ux.

MAY 25, 1911.

Present:   Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1)  *Mechanic's Lien.   Segregation of Materials.   Separate Tracts.*

In a single notice of claim of lien, petitioner's claim was stated as being for certain materials to be used in the construction of a certain building upon "those certain lots of land with buildings, laid out and designated as lots numbered 11, 12, and 15," on a certain plat.

In the single statement of their account, filed as the commencement of legal process, the claim was stated "to the extent of one-third of account set forth in detail and annexed hereto in that certain building and the land on which it is located, described as:   (a) the southerly half of that lot designated as number 11 on the X. plat; and one-third of account in that certain building and the land on which it is located described as (b) the northerly half of the same lot, and one-third of account in that certain building and the land on which it is located, described as (c) lot 15 on the same plat:—

*Held*, that the case was governed by *McElroy* v. *Keily*, 27 R. I. 64, and petition must be dismissed.

Mechanic's Lien.   Heard on appeal from decree of Superior Court establishing lien and appeal sustained, and decree reversed.

Blodgett, J.   This is an appeal from a decree of the Superior Court establishing a mechanic's lien for materials used in the construction, erection, and reparation of three houses in the city of Providence, situated upon land of the respondents in the city of Providence, and described respectively as (A) the southerly half of lot 11 on the "Stephen Randall Plat, Johnston, R. I., made June 1885 by C. M. Hunt" and recorded in the office of the recorder of deeds in said city of Providence on plat card No. 765.   (B) The northerly half of the same lot, and (C) the whole of lot 15 on the same plat. The lien in question is claimed for materials furnished to the contractors Giuseppe D'Abbracchio and Francisco Benedetto, within the sixty days prior to August 7, 1909, the total amount of such materials so furnished exceeding $1,600, as testified by one of the plaintiffs, and upon which $932.34 had been paid

prior to the institution of this proceeding—$532.34 of which amount was so paid within said period of sixty days and on June 14, 1909.

In the single notice of claim of lien served upon the respondents and filed in the office of the recorder of deeds in Providence, the petitioners claim is thus stated as being for "certain materials namely lumber, lime, cement, nails and other building materials of the value of, to wit, six hundred and twenty-five ($625.00) dollars, to be used in the construction, erection and reparation of a certain building upon certain land hereinafter described," and the land is thus described: "Those certain lots of land, with buildings and other improvements thereon, situate in the said city of Providence, and are laid out and designated as lots numbered 11 (eleven), 12 (twelve), and 15 (fifteen) on the Stephen Randall Plat, Johnston, R. I., made June 1885 by C. M. Hunt, recorded in the office of the recorder of deeds in said city of Providence, on plat card 765." In the single statement of their account filed in the office of said recorder of deeds as the commencement of legal process their claim is thus stated: "To the extent of one-third of account set forth in detail and annexed hereto and made a part hereof, in that certain building and the land on which it is located, said land being bounded and described as follows:

"A. The southerly half of that certain lot of land situated in the city of Providence in the State of Rhode Island laid out and delineated as lot number 11 on the 'Stephen Randall Plat Johnston, R. I. made June 1885 by C. M. Hunt,' and recorded in the office of the recorder of deeds in said city of Providence on Plat Card 765." And said claim is repeated therein "to the extent of one-third of account set forth in detail and annexed hereto and made a part hereof" as to each of the other lots first above specified.

(1) An examination of the transcript of the testimony shows that the petitioners have proceeded upon the theory that inasmuch as these three houses on separate tracts of land were undergoing construction, erection and repair at or about the same time, the petitioners had a general lien on all of them for

a general balance due, on the theory that probably approximately one-third of the materials had been used in each house and that consequently they could include all three claims for lien in one proceeding.   A similar contention was unsuccessfully made in *McElroy* v. *Keily*, 27 R. I. 64, and 474, which was also based upon a contract with a contractor and not with the owner of the land, in which this court held (pp. 66, 67): " It is evident from the tenor of the whole act that the primary thing to which the lien attaches is the building into which the work and materials enter, and that the extension of the lien to include the land is secondary.   In this view each building must be considered and treated as a unit, and each building must be so segregated that it can be considered by itself."   .   .   . " If so, we can not hold that work done or materials furnished, as in the present case, upon two estates of the same owner, without any contract at all with him—indeed, without his knowledge—can be charged indiscriminately upon both estates. Whatever force we might give to the contention that where an owner had made a contract with one person for the erection of two or more adjacent buildings he might be considered to have agreed that these buildings, for the purposes of the contract and its enforcement, should be considered as a unit, we have no privity of the parties interested in the present case upon which to found a waiver of the strict terms of the statute," and p. 474:   " Upon the plain language of the statute we are confirmed in our former opinion that in a case like the present a separate account of the materials furnished for each building is required."

In the present case it appears that more than \$900 has been paid on a total indebtedness of about \$1,600.   It is evident that these payments upon the theory of an exact appropriation of the same amount of materials to each house are sufficient to discharge the lien on any one of them and are almost enough to discharge the lien on any two of them.   But the plaintiff has failed to prove even this exact appropriation, but rather assumes such to be the case.   He could by proper bookkeeping have shown exactly the materials which entered into each house, and if he neglects to do so, it is less of a hard-

ship to require him to do this than it is to require the innocent owner of the land to pay him, it may be a second time, for an indebtedness to the contractor which he may already once have paid.

The case is governed by the decision of this court in *McElroy* v. *Keily, supra,* and the decree of the Superior Court must be reversed.

Case remanded to the Superior Court, with direction to deny and dismiss the petition.

*James J. McGovern,* for petitioner.

*Anthony V. Pettine, Gorman, Egan & Gorman,* for respondents.